## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GBI Services, LLC, *et al.,* | ) Case No. 25-12089 (CTG) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| GBI Services, LLC, *et al.,* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Adv. Pro. No. 25-_____ (  ) |
| | ) |
| PMP NICK LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEBTORS' COMPLAINT TO AVOID LIENS

GBI Services, LLC and its above-captioned debtor-affiliates (collectively, the "**Debtors**"),

through their undersigned counsel, bring this complaint against PMP Nick LLC (f/k/a Emigrant

GB LLC) ("**PMP Nick**," or the "**Defendant**"), and allege as follows:

## NATURE OF THE ACTION

1.      PMP Nick asserts that it holds a $476 million secured claim against the Debtors.

However, the UCC-1 financing statements relating to this claim lapsed years ago.  PMP Nick did

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GBI Services, LLC (0771), Nicklaus Companies, LLC (5063), N1JN-V, LLC (3178), Nicklaus Real Estate Licensing, LLC (7569), Nicklaus Project Management Services, LLC (6810), Nicklaus Advisory, LLC (3577), Nicklaus Design, LLC (7744), Nicklaus Interactive, LLC (9584), Nicklaus Brands, LLC (9771), Nicklaus International Brand Management, LLC (1536), Jack Nicklaus Golf Club, LLC (9616), and Nicklaus Golf Equipment Company, L.C. (6669).  The Debtors' mailing address is 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

not file new UCC-1 financing statements until November 12, 2025—nine days before the bankruptcy.  These new financing statements are avoidable preferences.

2.      It is important that the Court avoid the transfer of security interests perfected by these recent UCC-1 filings in advance of the upcoming sale of the Debtors' assets, which is anticipated to occur in February 2026.  Absent resolution and in the absence of a successful challenge to such liens,[2] PMP Nick will have a perfected, unavoidable blanket lien on substantially all of the Debtors' assets by virtue of its financing statements.[3]  Given the size of the claim, it will be important to the sale process to know whether that claim is secured or unsecured because, to the extent the claim is secured, PMP Nick may be entitled to credit bid the claim in accordance with section 363 of the Bankruptcy Code and the Interim DIP Order.  If, however, the Court avoids the liens perfected by the recent UCC-1 financing statements, PMP Nick will not be able credit bid those liens.  While the Debtors believe that the sale process will yield the highest and best bid regardless of the extent to which PMP Nick can credit bid, because the liens are clearly avoidable, the Debtors bring this complaint now.  Moreover, because the dates on which PMP Nick filed its financing statements cannot be disputed, the Debtors have concurrently moved for summary judgment on this complaint.[4]

---

[2]   Pursuant to the *Interim Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 55] (the "**Interim DIP Order**"), the Debtors stipulated (the "**Stipulations**") to the validity of the liens at issue in this complaint but that stipulation was subject to rights of all parties in interest, including the Debtors, to commence a Challenge (as defined in the Interim DIP Order).  Interim DIP Order ¶ 17(b).

[3]   The Interim DIP Order provides PMP Nick with the right to credit bid but that right is subject to "any Challenge, section 363(k) of the Bankruptcy Code, and to entry of the Final Order granting [the relief requested in the DIP Motion]." *Id.* ¶ 26.

[4]   The special committee of the board of managers of Nicklaus Companies, LLC separately is investigating, among other things, potential claims to recharacterize PMP Nick's claim as equity.  For purposes of the limited issue presented by this complaint, the Debtors assume that PMP Nick's claims are properly characterized as debt, and reserve all rights.

## PARTIES

3.      Debtor GBI Services, LLC is a limited liability company formed under the laws of Florida, located at 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

4.      Debtor Nicklaus Companies, LLC is a limited liability company formed under the laws of Delaware, located at 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

5.      Debtor N1JN-V, LLC is a limited liability company formed under the laws of Florida, located at 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

6.      Debtor Nicklaus Real Estate Licensing, LLC is a limited liability company formed under the laws of Florida, located at 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

7.      Debtor Nicklaus Project Management Services, LLC is a limited liability company formed under the laws of Florida, located at 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

8.      Debtor Nicklaus Advisory, LLC is a limited liability company formed under the laws of Florida, located at 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

9.      Debtor Nicklaus Design, LLC is a limited liability company formed under the laws of Florida, located at 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

10.     Debtor Nicklaus Interactive, LLC is a limited liability company formed under the laws of Florida, located at 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

11.     Debtor Nicklaus Brands, LLC is a limited liability company formed under the laws of Florida, located at 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

12.     Debtor Nicklaus International Brand Management, LLC is a limited liability company formed under the laws of Florida, located at 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

3

13.     Debtor Jack Nicklaus Golf Club, LLC is a limited liability company formed under the laws of Florida, located at 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

14.     Nicklaus Golf Equipment Company, L.C. is a limited liability company formed under the laws of Florida, located at 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

15.     Defendant PMP Nick LLC is a limited liability company formed under the laws of Delaware, located at 22 Vanderbilt, 14th Floor New York, New York 10017. According to Delaware's entity search records, PMP Nick's registered agent for service is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

16.     The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 because the adversary proceeding arises under Bankruptcy Code § 547, and arises in and relates to the Debtors' chapter 11 cases.

17.     Venue is proper in this Court under 28 U.S.C. § 1409(b).

18.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

19.     Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure and Rule 7008-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

**A.     PMP Nick's Original Financing Statements Lapsed Years Ago**

20.     On May 25, 2007, PMP Nick's predecessor, Emigrant GB LLC ("**Emigrant**"), entered into that certain *Term Loan and Guaranty Agreement* (the "**Prepetition Junior Term**

**Loan Agreement**") with Nicklaus Companies, LLC (the "**Borrower**"), and certain of the Debtors' affiliates (the "**Guarantors**"). *See* Transmittal Dec. **Exhibit A**.[5] The parties also entered into a security agreement providing for liens on substantially all of the Debtors' assets. *See* Transmittal Dec. **Exhibit B** (Pledge and Security Agreement) § 2.1.

21.     Under the Uniform Commercial Code (the "**UCC**"), a lien perfected by a UCC-1 financing statement must be continued every five years by filing a "continuation statement," or else the financing statement will lapse and the lien will become unperfected. 6 *Del. C.* § 9-515(e); Fla. Stat. Ann. § 679.515(5).

22.     PMP Nick (through its predecessor Emigrant) filed UCC-1 financing statements in June 2007 for the Borrower and five Guarantors.[6] PMP Nick also filed continuation statements for these entities in January 2012[7] and March 2017.[8]

23.     In October 2018, PMP Nick also filed UCC-1 financing statements, for the first time, for two additional Guarantors:  Nicklaus Golf Equipment, L.C. and Nicklaus Brands, LLC.[9]

24.     But in 2022 and 2023 when it came time to continue these financing statements, PMP Nick did not do so.  As a result, PMP Nick's UCC-1 financing statements lapsed and no longer perfected PMP Nick's liens.

---

[5]   All exhibits can be located in the *Transmittal Declaration of Cory D. Kandestin in Support of Debtors' Motion for Summary Judgment*, filed concurrently herewith.

[6]   *See* Transmittal Dec. as **Exhibits C-1** (Nicklaus Companies, LLC), **C-2** (Jack Nicklaus Golf Club, LLC), **C-3** (GBI Services, LLC), **C-4** (Nicklaus Design, LLC), **C-5** (Nicklaus Marketing, Inc.), and **C-6** (N1JN-V, LCC).

[7]   *See* Transmittal Dec. as **Exhibits D-1** (Nicklaus Companies, LLC), **D-2** (Jack Nicklaus Golf Club, LLC), **D-3** (GBI Services, LLC, LLC), **D-4** (Nicklaus Design, LLC), **D-5** (Nicklaus Marketing, Inc.), and **D-6** (N1JN-V, LCC).

[8]   *See* Transmittal Dec. as **Exhibits E-1** (Nicklaus Companies, LLC), **E-2** (Jack Nicklaus Golf Club, LLC), **E-3** (GBI Services, LLC), **E-4** (Nicklaus Design, LLC), **E-5** (Nicklaus Marketing, Inc.), and **E-6** (N1JN-V, LCC).

[9]   *See* Transmittal Dec. as **Exhibits F-1** (Nicklaus Golf Equipment, L.C.) and **F-2** (Nicklaus Brands, LLC).

**B.**    **PMP Nick Files New Financing Statements Nine Days Before The Bankruptcy**

25.    On November 12, 2025, PMP Nick filed new UCC-1 financing statements against the Borrower and five Guarantors for its claim under the Prepetition Junior Term Loan Agreement (the "**2025 Financing Statements**").[10]

26.    On November 21, 2025 (the "**Petition Date**"), the Debtors filed these bankruptcy cases.

**C.**    **The Debtors' Stipulations**

27.    On November 26, 2025, the Court entered the Interim DIP Order.  By the Stipulations in that order, the Debtors stipulated to the validity of PMP Nick's liens and claims, subject to the rights of parties in interest, including the Debtors, to commence a Challenge. This complaint constitutes such a Challenge.[11]

## COUNT I

### Preference Under 11 U.S.C. § 547

28.    The Debtors re-allege and incorporate by reference the preceding paragraphs of this complaint as if fully set forth herein.

29.    Under the Bankruptcy Code's preference provisions, because more than 30 days has elapsed between the filing of the 2025 Financing Statements and the incurrence of the debt they are perfecting, the "transfer" of liens is deemed to occur on the date of the new filings.  *See* 11 U.S.C. § 547(e)(2)(B) (a transfer occurs "at the time such transfer is perfected, if such transfer is perfected after … 30 days.").  Thus, by filing new financing statements on November 12, 2025

---

[10]    *See* Transmittal Dec. as **Exhibits G-1** (Nicklaus Companies, LLC), **G-2** (Jack Nicklaus Golf Club, LLC), **G-3** (GBI Services, LLC), **G-4** (Nicklaus Design, LLC), **G-5** (Nicklaus Marketing, Inc.), and **G-6** (Nicklaus Golf Equipment, L.C.).

[11]    For the avoidance of doubt, the Debtors reserve all rights to commence further Challenges on other grounds.

to re-perfect the liens that had earlier lapsed, the Debtors transferred an interest in property on that date.

30.     These transfers were made "to a creditor" and "for or on account of an antecedent debt," because they were on account of the Prepetition Junior Term Loan Agreement, which is dated May 25, 2007.

31.     The transfers occurred nine days prior to the Petition Date, so fall within the 90-day preference period.

32.     For the same reason, the transfers were made while the Debtors were presumptively insolvent under 11 U.S.C. § 547(f).

33.     The transfers elevated PMP Nick's asserted claim from unsecured to secured, thus improving its position over unsecured creditors in a hypothetical liquidation.

34.     The transfer and perfection of PMP Nick's security interest therefore is an avoidable preference pursuant to 11 U.S.C. § 547(b).

35.     Based on reasonable due diligence in the circumstances of the cases, none of the defenses available under Bankruptcy Code § 547(c) apply to avoiding the transfers to Defendant of a security interest in the collateral.

WHEREFORE, the Debtors request a judgment of this Court avoiding the transfer and perfection of the Defendant's security interests in the collateral under the Prepetition Junior Term Loan Agreement to the extent such security interests were perfected by the 2025 Financing Statements.

**<u>PRAYER FOR RELIEF</u>**

The Debtors respectfully request that judgment be entered in their favor granting the following relief:

a.      Avoiding the transfer and perfection of PMP Nick's security interest for collateral under the Prepetition Junior Term Loan Agreement to the extent such security interest was perfected by the 2025 Financing Statements.

b.      Granting such other and further relief as the Court deems just and proper.

Dated: December 17, 2025
      Wilmington, Delaware

*/s/ Cory D. Kandestin*

RICHARDS, LAYTON & FINGER, P.A.
Zachary I. Shapiro (No. 5103)
Cory D. Kandestin (No. 5025)
James F. McCauley (No. 6991)
920 North King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Email: shapiro@rlf.com
      kandestin@rlf.com
      mccauley@rlf.com

*Proposed Attorneys for the Debtors*
*and the Debtors in Possession*
